**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| SHARON JESSICA BEARD, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| UNITY ASSET MANAGEMENT, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SHARON JESSICA BEARD ("Plaintiff"), through her attorney, Chauntel D. Bland, Esquire, alleges the following against Defendant, UNITY ASSET MANAGEMENT, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Timmonsville, Florence County, State of South Carolina.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with its principal place of business in the City of West Seneca, Erie County, State of New York.

11. Defendant is a business entity engaged in the collection of debt within the State of South Carolina.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff, originating with Credit Fresh.

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's cellular telephone at (       )5546, in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff from 843-203-5377 which is one of Defendant's telephone numbers.

20. On or about January 4, 2023, Plaintiff called Defendant back and spoke with one of Defendant's female collectors.

21. During the immediately above-referenced conversation:

    a. Defendant's female collector attempted to verify the alleged debt with Plaintiff.

    b. Plaintiff asked for written validation of the alleged debt to be sent to her via mail.

    c. Defendant's female collector refused to provide written validation of the alleged debt to Plaintiff.

    d. Defendant's female collector falsely represented Plaintiff was refusing to cooperate and insinuated legal action would be taken against Plaintiff.

22. On January 4, 2023, and after speaking with Plaintiff, Defendant's female collector called Plaintiff's sister, Nikki.

23. During the above-reference conversation:

    a. Defendant's female collector told Nikki she was trying to contact Plaintiff.

    b. Defendant's female collector gave Nikki the referral number to the alleged debt.

    c. Defendant's female collector refused to disclose the communication is from Unity Asset Management.

24. To date, Defendant has not sent Plaintiff verification of the alleged debt.

25. To date, Defendant has not taken legal action against Plaintiff.

26. Defendant never intended to take legal action against Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(b) of the FDCPA by placing a call to third parties after locating Plaintiff, when Defendant called Plaintiff's sister after communicating with Plaintiff;

    b. Defendant violated §1692c(b)(1) of the FDCPA by placing a call to third parties after locating Plaintiff, when Defendant spoke with Plaintiff's sister and refused to identify the communication is from Unity Asset Management;

    c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse any person in connection with the collection of a debt, when Defendant insinuated legal action would be taken against Plaintiff and Defendant did not intend to take such action against Plaintiff;

    d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

  e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant insinuated legal action would be taken against Plaintiff and Defendant did not intend to take such action against Plaintiff;

  f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant insinuated legal action would be taken against Plaintiff and Defendant did not intend to take such action against Plaintiff;

  g. Defendant violated § 1692(g)(b) of the FDCPA by failing to cease collection activities after Plaintiff requested for Defendant to provide validation of the alleged debt; and

  h. Defendant violated § 1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

28. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, SHARON JESSICA BEARD, respectfully requests judgment be entered against Defendant, UNITY ASSET MANAGEMENT, LLC. , for the following:

30. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/    Chauntel D. Bland_____
        Chauntel D. Bland, Esquire
        463 Regency Park Drive
        Columbia, SC 29210
        Tel: (803) 319-6262
        Fax: (866) 322-6815
        chauntel.bland@yahoo.com